UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LISA ARNOLD

    Plaintiff,

vs.                                                                                       CASE NO:  22-cv-95

**SPINAL CARE PLUS, P.A.,
DR. MICHAEL L. COLVIN,
and PAMELA McLURE,**

    Defendants.
_____/

## COMPLAINT FOR UNPAID OVERTIME

Plaintiff, Lisa Arnold ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants, Spinal Care Plus, P.A., Dr. Michael L. Colvin, and Pamela McLure ("Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA").

2. Defendants, Dr. Michael L. Colvin and Pamela McLure, are, or were, residents of Gulf County, Florida, and Defendant Spinal Care Plus, P.A. is a for-profit corporation existing in, and conducting business in, Bay County, Florida which is within the jurisdiction of this Honorable Court.

3.	Plaintiff Lisa Arnold is sui juris and a resident of Bay County, Florida. At all times material hereto, she was an employee of Defendants' acting as a medical assistant/receptionist greeting patients, reviewing paperwork, accepting insurance cards, collecting payments, and doing therapy services. Plaintiff also ran personal errands for Defendants Dr. Colvin and Pamela McLure such as picking up mail.

4.	The Defendant Dr. Michael L. Colvin was at all times material hereto a chiropractic physician practicing at Spinal Care Plus, P.A., a chiropractic clinic. Dr. Colvin maintained direct and indirect control over the pay practices of Defendant Spinal Care Plus, P.A. Defendant Pamela McLure was at all times material hereto an office manager for Spinal Care Plus, P.A. and maintained direct and indirect control over the pay practices of Defendant Spinal Care Plus, P.A. Together, Defendants were in direct and indirect control of the pay to Plaintiff and were responsible for failing to pay Plaintiff proper overtime wages.

5.	Plaintiff and Defendants were engaged at all times material hereto in interstate commerce and subject to the provision of the FLSA. This interstate commerce includes, but is not limited to, receiving payment for services rendered to patients from Medicare, Medicaid and health insurance companies located outside the State of Florida. Defendants also utilized interstate phone, the United States Postal Service and internet services to conduct business. Upon information and belief, Spinal Care Plus, P.A. conducted annual business in excess of $500,000.00 per year.

6. This action is brought by Plaintiff to recover from Defendants unpaid overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and by Title 29 U.S.C. § 216(b). Defendant Spinal Care Plus, P.A. is and, at all times pertinent to this Complaint, was engaged in interstate commerce and was otherwise covered by the provisions of the FLSA.

8. Defendant Dr. Michael L. Colvin and Pamela McLure are "employers," as defined by 29 U.S.C. § 203(d), as these Defendants were directly involved in decisions affecting employee compensation and hours worked by the Plaintiffs. Defendant Spinal Care Plus, P.A., is also an "employer" as defined by the FLSA. Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

### COUNT I – UNPAID OVERTIME WAGES AGAINST DEFENDANT

9. During the material time period, Plaintiff was employed as a medical assistant/receptionist for Defendants. Plaintiff interacted with patients to ensure their appointments were scheduled properly, collected paperwork from the patients, provided limited therapy services and presented documentation to patients on behalf of the Defendants. Plaintiff was paid on an hourly basis and also received non-discretionary bonuses for her work which were based on revenue earned by Defendants in a time period. Plaintiff was employed by Defendants from on, or about,

July 24, 2020 through July 21, 2021.  Plaintiff regularly worked in excess of 40 hours in a work-week, but was not paid overtime at a rate of one and one-half times her regular rate from July 24, 2020 through approximately April 1, 2021.  (See attached pay stubs, Exhibit #1).  Starting with the paycheck dated April 15, 2021, overtime compensation was paid by Defendants based on one and one-half times her hourly rate of $14.00.  This overtime pay, however, did not incorporate any non-discretionary bonuses earned during the pay period in violation of the FLSA.

10. Time records were kept for the Plaintiff, but these time records were not accurate and often understated the actual number of hours worked by Plaintiff (See attached time records, Exhibit #2).  Plaintiff used a fingerprint scanner to log in and out of her shifts at work.  The time recorded by the time system was often edited by Defendant Pamela McLure to reduce the number of hours actually worked in a shift.  Time entries with a "+" next to the clock-in, or clock-out, time are believed to have been edited to reduce the number of hours actually worked in a shift.  Edits may also be made if the Plaintiff forgot to log-in, or log-out.  As a result of the edits to her Timecard, Plaintiff's earned overtime pay was reduced.

11. Defendants' failure to pay proper overtime pay; failure to incorporate non-discretionary bonuses into overtime pay; and manipulation of the timecards to reduce overtime pay was done willfully and not in good faith.  As a result, the Plaintiff is entitled to liquidated damages in addition to the unpaid overtime she earned and was

not paid. These liquidated damages are in an amount equal to the unpaid overtime earned, but not paid.

12. Plaintiff has retained the law firm of Sean Culliton, Esq., LLC to represent her and has incurred attorney's fees and costs in bringing this action.

13. Plaintiff made a demand for the payment of the unpaid overtime, but payment has not been made by Defendants.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants for the payment of compensation for all overtime hours at one and one-half their regular rate of pay for the hours worked for which Plaintiff have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

## DEMAND FOR JURY TRIAL

14. Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted on May 17, 2022.

          /s/Sean Culliton
Sean Culliton, Esq.
FBN: 0986232
E-mail: sean@seancullitonlaw.com
Sean Culliton, Esq., LLC
285 John Knox Road
Tallahassee, FL 32303
Phone: (850)385-9455
Facsimile: (813)441-1999
Counsel for Plaintiff